# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| B.B., | CIVIL CASE NO. 21-00013 |
| Plaintiff, | |
| vs. | **DECISION & ORDER**<br>**RE: MOTION TO DISMISS** |
| DENNIS MARK ZERMENO; DOE ENTITIES 1-5; and DOE-INDIVIDUALS 6-10, inclusive, | |
| Defendants. | |

Before the court is a Motion to Dismiss for Lack of Personal Jurisdiction by Specially Appearing Defendant Dennis M. Zermeno. Mot., ECF No. 3 ("Motion"). For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

### I. Factual and Procedural Background

On May 3, 2021, Plaintiff B.B. initiated this action by filing a Complaint. Compl., ECF No. 1. Therein, Plaintiff asserted two causes of action: Child Sexual Abuse and Intentional Infliction of Emotional Distress. *See id.* Notably, the Complaint identifies personal jurisdiction as follows: "This Court has personal jurisdiction over this matter because Defendants purposefully availed themselves to the benefit of the laws of this judicial district by regularly transacting and/or conducting business in this state." Compl., at 1, ECF No. 1.

1

On May 24, 2021, Defendant filed the instant Motion. Mot., ECF No. 3. On June 14, 2021, Plaintiff filed his Opposition to Defendant's Motion to Dismiss For Lack of Personal Jurisdiction. Opp'n., ECF No. 6 ("Opposition"). No Reply was filed.

## II. Discussion

Defendant's Motion sets forth the following arguments in favor of dismissal: (a) lack of personal jurisdiction; (b) barred by the doctrine of laches; and (c) violation of the Bill of Rights contained in the Organic Act of Guam, 48 U.S.C. § 1421b(u).

### a. Personal Jurisdiction

Defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The burden is on Plaintiff to show that personal jurisdiction exists. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "In order to establish the existence of personal jurisdiction in a diversity case, the plaintiff must show (1) that the statute of the forum confers personal jurisdiction over the nonresident defendant, and (2) that the exercise of jurisdiction accords with federal constitutional principles of due process." *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Guam's long-arm statute allows for the exercise of jurisdiction "on any basis not inconsistent with the Organic Act or the Constitution of the United States." 7 Guam Code Ann. § 14109 (2020). "Due to this broad-reaching statutory language, the effect is that the jurisdictional analysis merges into a single step. That is, a court analyzing personal jurisdiction under Guam's long-arm statute simultaneously analyses the issue of constitutional due process." *Barnes v. Superior Court*, 2012 Guam 11 ¶ 27.

For due process to be satisfied, a non-resident defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Pebble Beach Co., v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Int'l Shoe Co v. Washington*, 326 U.S. 310, 315 (1945)). There are two forms of

personal jurisdiction that a forum state may exercise over a nonresident defendant: general jurisdiction and specific jurisdiction. *Boschetto*, 539 F.3d at 1016.

### i. General Personal Jurisdiction

The court finds that it does not have general personal jurisdiction over Defendant. "In the context of general jurisdiction, minimum contacts exist where a defendant has 'substantial' or 'continuous and systematic' contacts with the forum state, even if the case is unrelated to those contacts." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006). "The standard for general jurisdiction is high; contacts with a state must 'approximate physical presence.'" *Id.* at 1169 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1086, 1086 (9th Cir. 2000)); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Here, Defendant is domiciled in California. Def.'s Decl. ¶ 2, ECF No. 4. Defendant has continuously lived in California since November 2005 and has not had any contacts with Guam since he departed Guam in November 2005, except to seek dismissal of this matter by special appearance. *Id.* ¶ 3. In other words, Defendant does not have "approximate physical presence" or "domicile" in Guam.

Thus, the court lacks general personal jurisdiction over Defendant.

### ii. Specific Personal Jurisdiction

The court finds that it has specific personal jurisdiction over Defendant. Specific jurisdiction may be invoked where a strong relation is established between the non-resident defendant's contacts with the forum and the cause of action. *Lake*, 912 F.2d at 1421. The Ninth Circuit uses a three-part test for analyzing a claim of specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto*, 539 F.3d at 1016.

The plaintiff bears the burden on the first two prongs. *Id*. "If the plaintiff establishes both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Id*. (quotation omitted).

### 1. Purposeful Direction

The Ninth Circuit "use[s] the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction … but availment and direction are, in fact, two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in torts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal citations omitted). "Under our precedents, the purposeful direction or availment requirement for specific jurisdiction is analyzed in intentional tort cases under the 'effects' test derived from *Calder v. Jones*, 465 U.S. 783 … (1984)." *Dole Food Co., v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

First, the court finds that Plaintiff has sufficiently alleged that Defendant acted intentionally. Without going into the allegations in graphic detail, Plaintiff sufficiently alleges that Defendant externally manifested his will by engaging in sexual conduct with Plaintiff and did so with the intent to accomplish that act. *See* Compl. ¶¶ 7-10, ECF No. 1; *see also Schwarzenegger*, 374 F.3d at 806.

Second, the court finds that Plaintiff has sufficiently alleged that Defendant expressly aimed these alleged acts of sexual conduct at Plaintiff in Guam. Plaintiff was in the 8th grade and was 13-14 years of age at the Aguenda Johnston Middle School in Guam, where Defendant was a Counselor. Compl. ¶ 5, ECF No. 1. Defendant aimed this alleged sexual conduct at Plaintiff, while residing in Guam, by allegedly "rubbing and touching" Plaintiff, allegedly asking Plaintiff's mother if Plaintiff could work for him and thereafter abusing him at work, allegedly taking Plaintiff on a trip to Rota and thereafter abusing him at their hotel; and allegedly asking Plaintiff's mother to allow Plaintiff to sleep at Defendant's house and thereafter abusing him in the same bed. *See id.* ¶ 7-10.

Third, the court finds that Plaintiff has sufficiently alleged that he suffered harm in Guam. Plaintiff has alleged that in addition to the alleged sexual abuse and emotional suffering, he also "felt dirty and like a prostitute; suffered depression and anxiety disorder; on occasions, ended up at Mental Health because he couldn't (and still can't) contain his panic and anxiety attacks; and became suicidal and on several occasions attempted to kill himself." *Id.* ¶ 11. This alleged harm occurred, and still occurs today, in Guam where Plaintiff resides. *Id.* ¶ 4.

Thus, the court finds that Plaintiff has sufficiently alleged that Defendant has "purposefully directed" himself towards Guam.

### 2. Claims Arise out of Forum-Related Activities

"This step explores the relationship between the cause of plaintiff's harm and the

5

Case 1:21-cv-00013   Document 14   Filed 02/15/22   Page 5 of 10

defendant's act identified as creating purposeful contacts with the forum state." *Lake*, 817 F.2d at 1421. Here, the causal relationship between Plaintiff's harm and Defendant's acts is clear. Defendant allegedly engaged in sexual conduct with Plaintiff, and Plaintiff alleges he was harmed as a result of this sexual conduct, all of which occurred in Guam. Compl. ¶¶ 4, 5, 7-12, 20-25, 27-31, ECF No. 1. Thus, the court finds that Plaintiff has sufficiently alleged that his claims arise out of activities that occurred in Guam.

Because "Plaintiff establishe[d] both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016 (quotation omitted).

### 3. Reasonableness of Exercise of Jurisdiction

In determining whether the jurisdiction comports with "fair play and substantial justice," and is therefore "reasonable," the court considers seven factors:

> (1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Dole*, 303 F.3d at 1114.

Here, the court finds that Defendant has failed to present a compelling case that the exercise of jurisdiction would be unreasonable. First, the court finds that Defendant purposefully injected himself into the forum state's affairs when he allegedly committed criminal offenses and intentional torts while employed as a counselor at a middle school on Guam. Second, while the court finds that the burden on Defendant in defending in the forum is large, particularly given the

18-hour time difference, the nearly 6,000 mile distance, and Defendant's 72 years of age, the advent of teleconference and videoconference minimizes this burden. Third, the court finds no conflict with the sovereignty of California. Fourth, the court finds that California has a minimal interest, based exclusively on Defendant's residence there, in adjudicating a dispute where the alleged torts occurred on Guam between two individuals who lived on Guam during the time of the commission of the torts. Fifth, the court finds that the most efficient judicial resolution of the controversy would occur on Guam, where the court expects that the majority of witnesses will reside. Sixth, it is likely that Plaintiff prefers this case to be adjudicated in Guam, given that Plaintiff resides on Guam and filed this action in this court. The court envisions that relief would be equally effective on Guam or in California. Seventh, while Defendant has not specified the city in California where he resides, the court finds that one of the four district courts of California would be an alternative forum.

     Here, the only factors that weigh in favor of Defendant are the second factor, the burden on the Defendant in defending this case on Guam, and the seventh factor, that this case can be brought in Defendant's forum-state. The second factor is assuaged by the advent of teleconference and videoconference, and thereby Defendant's burden is minimized. The seventh factor weighs in Defendant's favor because travel would be minimized if the proceedings took place in the district court where Defendant resides. However, these two factors are outweighed by the remaining five factors weighing in Plaintiff's favor. As a result, Defendant has failed to "come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016.

     Therefore, the court finds that exercise of jurisdiction is reasonable, and finds that it has specific personal jurisdiction over Defendant.

### b. Laches

The court rejects Defendant's argument that the doctrine of laches bars Plaintiff's claims. "Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 935 (9th Cir. 2002) (internal quotations and citations omitted). "Laches, an equitable defense, is distinct from the statute of limitations, a creature of law." *Id.* As a result, laches may not be used to bar legal claims when a statute of limitations applies. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1974 (2014). This is because "[l]aches is a gap-filling doctrine, and where there is a statute of limitations, there is no gap to fill." *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 960 (2017).

Here, the Child Sex Abuse statute explicitly states that a claim may be commenced "at any time." 7 Guam Code Ann. § 11301.1 (2020). The headings of the statute provide guidance as well: Section 11301 is entitled "Periods of Limitations Prescribed" and Section 11301.1 is entitled "No Limit for Child Sexual Abuse." Importantly, the legislature dispelled all ambiguity about the statute's applicability: "Any claim … which has been barred by virtue of the expiration of the previous civil statute of limitations shall be permitted to be filed in any court of competent jurisdiction." *Id.* § 11301.2. While there is no longer a statute of limitation with regard to Child Sex Abuse claims, it would be inapposite to bar these claims under the doctrine of laches.

While this claim is being brought 40 years after the alleged events, Guam's legislature has determined that these claims should move past the pleading stage. The legislature's intent to permit a certain type of claim to be brought regardless of the passage of time indicates the legislature's desire to prevent these claims from being dismissed on procedural grounds, and instead indicates the legislature's desire that these claims be assessed on substantive and

evidentiary grounds. To bar such claims through laches would be contrary to legislative intent.

Furthermore, the case which Defendant urges the court to rely upon actually undermines his position. There, the "central issue" was whether an amendment to a statute applied retroactively. *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 409 (Ill. 2009). "If it does, there is no dispute that the cause of action should not have been dismissed as untimely." *Id.* Here, it is clear that Section 11301.1 applies retroactively by virtue of Section 11301.2. As a result, this cause of action should not be dismissed as untimely. The fact that Plaintiff's causes of action had expired under the previously existing three-year statute of limitation is of no consequence. Plaintiff can bring this claim "at any time," *Id.* § 11301.1, even if it was barred by the previous statute of limitation. *Id.* § 11301.2.

Thus, the court finds that the doctrine of laches does not bar Plaintiff's claims.

### c. Bill of Rights

The court rejects Defendant's constitutional challenge to the statute of limitation of the child sexual abuse statute. *Id.* § 11301.1 (2020) (previously Pub L. 33-187 (2016)). The statute states that: "Any claim arising from an incident of child sexual abuse that occurred on Guam which has been barred by virtue of the expiration of the previous civil statute of limitations shall be permitted to be filed in any court of competent jurisdiction." *Id.* § 11301.1(b). This court has previously found the statute to be constitutional. Order at 11:10-11, ECF No. 123, *Denton v. Roman Catholic Archbishop of Agana*, No. 1:17-cv-00012 (D. Guam March 22, 2021) ("Any argument that the retroactivity of Pub. L. 33-187 (2016) violates equal protection, or due process, is rejected."). This court similarly rejects Defendant's constitutional challenge.

### III. Conclusion

The court finds that Plaintiff has sufficiently alleged facts that support the court's exercise of specific personal jurisdiction and that Defendant has failed to "come forward with a

9

Case 1:21-cv-00013   Document 14   Filed 02/15/22   Page 9 of 10

compelling case that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016. Furthermore, the court finds that Defendant's argument based on the doctrine of laches is contrary to legislative intent, and Defendant's constitutional challenge is contrary to this court's previous findings.

Based on the foregoing, Defendant's Motion is **DENIED.**

The parties shall appear before the Magistrate Judge on March 3, 2022, at 9:30 a.m. for a scheduling conference. The parties are ordered to meet and confer in accordance with CVLR 26(f) and thereafter file a revised scheduling and planning conference report no later than February 24, 2022.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Feb 15, 2022**